**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MYRON J. CZUBKO and TERRY C. CZUBKO,
individually and as trustees of the MYRON J.
CZUBKO and TERRY C. CZUBKO CHARITABLE
REMAINDER UNITRUST,

        Plaintiffs,

v.

RICHARD T. JOHNSON; DAVID B. WHITE;
CAROL J. JOHNSON; ESTATE PLANNING
GROUP, INC.; CREATIVE INVESTMENT
DESIGN, INC., d/b/a DAVID B. WHITE
FINANCIAL, INC.; LEONARD & COMPANY;
CENTAURUS FINANCIAL, INC.; RICHARD J.
BOYSE; RICHARD J. BOYSE CPA, PC;
and PRUDENTIAL ANNUITIES LIFE ASSURANCE
CORPORATION,

        Defendants.

Case 5:09-CV-14471
Hon. John Corbett O'Meara
Magistrate Judge Mark A. Randon

## PLAINTIFFS' MOTION TO REMAND

Plaintiff moves to remand this action to Oakland County Circuit Court, pursuant to 28 U.S.C. §1447(c).

Plaintiffs filed this action in Oakland County Circuit Court. Defendant Prudential Annuities Life Assurance Corporation ("Prudential") removed the action to this Court on November 16, 2009, on the grounds of federal question jurisdiction over Plaintiffs' claim under the RICO Act. November 16 was the last available date for Prudential to file its removal notice, under the 30-day time limit in 28 U.S.C. §1446.

The removal notice filed by Prudential on November 16, 2009 (docket entry 1) is defective, because not all of the Defendants in this action had consented to the removal. Prudential did not have the consent of Defendants Richard J. Boyse, and Richard J. Boyse CPA, P.C. at the time it filed its removal petition. Unanimous consent of all the Defendants is a precondition to removal under 28 U.S.C. §1446. Prudential filed an amended notice of removal on November 20, 2009 (docket entry 3). This removal notice is also defective, for two different reasons.

First, the amended removal notice was filed beyond the 30-day time limit mandated by 28 U.S.C. §1446. It is not permissible to amend a removal notice beyond the 30-day limit, other than to cure non-jurisdictional issues, such as mis-identification of parties.

Second, the amended removal petition also does not include the consent of all of the Defendants in this action. In particular, the amended removal notice includes a statement of consent apparently executed by Defendant Richard J. Boyse individually. No consent, however, was executed for or on behalf of Defendant Richard J. Boyse CPA, P.C. Richard J. Boyse may not appear in court as the representative of a corporation, even his own professional corporation. His individual signature to the consent is not operative as the consent of the professional corporation.

The defects in the removal notice filed by Prudential cannot be cured at this date. Prudential has not complied with the jurisdictional requirements to accomplish removal. Plaintiffs' complaint is not properly before this Court and should be remanded to state court.

Pursuant to E.D. Mich. L.R. 7.1 (a), Plaintiffs' counsel conferred with Prudential's counsel by telephone. During the telephone conference Plaintiffs' counsel explained the nature of this motion and its legal basis. Plaintiffs' counsel requested but did not obtain concurrence in the relief requested.

This motion is supported by the accompanying brief.

Plaintiffs request that this action be remanded to the State of Michigan, Oakland County Circuit Court.

By: /s/ William J. Lamping
William J. Lamping (P-30785)
wlamping@vmddlaw.com

VESTEVICH, MALLENDER, DUBOIS
  & DRITSAS, P.C.
ATTORNEY FOR PLAINTIFFS
6905 Telegraph Road, Suite 300
Bloomfield Hills, Michigan 48301-3160
Phone: (248) 642-1920
Fax: (248) 642-2095

Dated: December 3, 2009

iii

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MYRON J. CZUBKO and TERRY C. CZUBKO,
individually and as trustees of the MYRON J.
CZUBKO and TERRY C. CZUBKO CHARITABLE
REMAINDER UNITRUST,

        Plaintiffs,

v.

RICHARD T. JOHNSON; DAVID B. WHITE;
CAROL J. JOHNSON; ESTATE PLANNING
GROUP, INC.; CREATIVE INVESTMENT
DESIGN, INC., d/b/a DAVID B. WHITE
FINANCIAL, INC.; LEONARD & COMPANY;
CENTAURUS FINANCIAL, INC.; RICHARD J.
BOYSE; RICHARD J. BOYSE CPA, PC;
and PRUDENTIAL ANNUITIES LIFE ASSURANCE
CORPORATION,

        Defendants.

Case 5:09-CV-14471
Hon. John Corbett O'Meara
Magistrate Judge Mark A. Randon

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND**

Plaintiffs submit the following brief in support of their motion to remand this action to state court.

**ISSUES PRESENTED:**

1. Is it permissible for Defendant Prudential to amend its removal notice after the expiration of the 30-day limit in 28 U.S.C. § 1446 to add the consent of other Defendants?

2. Is the consent to removal signed by individual Defendant Richard J. Boyse sufficient as the consent of Defendant Richard J. Boyse CPA, P.C.?

## INDEX OF EXHIBITS

| **Exhibit** | **Description** |
|---|---|
| 1 | Original Notice of Removal (without exhibits) |
| 2 | Amended Notice of Removal (without exhibits) |
| 3 | Exhibit B to Amended Notice of Removal |
| 4 | Proof of Service, Richard J. Boyse |
| 5 | Proof of Service, Richard J. Boyse CPA, PC |

## I.  Introduction

This is a motion to remand this action to Oakland County Circuit Court, on the grounds that the notice of removal is fatally defective, pursuant to 28 U.S.C. § 1447(c).

Plaintiffs make two separate arguments in this motion. First, Prudential amended its Notice of Removal to include the consent of additional Defendants after the time period for doing so had expired. Prudential did not file a notice of removal with the unanimous consent of the Defendants within the 30-day time limit of 28 U.S.C. § 1446, and the attempt to add the consent of the missing Defendants after the expiration of the 30-day limit is not proper. Second, even if the amended Notice of Removal is considered effective as to Defendant Richard J. Boyse, no proper consent has ever been filed on behalf of Defendant Richard J. Boyse CPA, P.C. Removal under 28 U.S.C. § 1446 is only permitted if all the Defendants consent. Because of these defects, remand is required.

## II.  Factual Background of this Motion

Plaintiffs filed a multi-count complaint against the Defendants in the State of Michigan, Oakland County Circuit Court, asserting claims arising out of an alleged Ponzi scheme. The Complaint was filed on October 8, 2009, and the Defendants were served on the following dates:

| Defendant | Date of Service |
|---|---|
| Richard T. Johnson | 10-24-2009 |
| David B. White | 10-16-2009 |
| Carol J. Johnson | 10-24-2009 |

| | |
|---|---|
| Estate Planning Group | 10-24-2009 |
| Creative Investment Design | 10-16-2009 |
| Leonard & Company | 10-16-2009 |
| Centaurus Financial | 10-19-2009 |
| Richard J. Boyse | 10-16-2009 |
| Richard J. Boyse CPA, PC | 10-16-2009 |
| Prudential Annuities | 10-16-2009 |

Based on the service date of October 16, 2009, the last day for Prudential to file a notice of removal under 28 U.S.C. § 1446 was November 16, 2009. Prudential filed its original notice of removal on November 16, 2009 (Ex. 1). The original notice of removal did not include the consent of Defendants Richard J. Boyse or Richard J. Boyse CPA, P.C. Prudential filed an amended notice of removal on November 20, 2009 (Ex. 2). The amended notice of removal included a consent signed by Richard J. Boyse individually. The amended notice of removal does not include a consent signed on behalf of Richard J. Boyse CPA, P.C. (Ex. 3).

### III.     Argument

#### A. All Defendants Must Consent to Removal

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). As provided in 28 U.S.C. § 1441(b), a civil action founded on a claim based under a federal statute may be removed without regard to the citizenship of the parties. If a claim based on federal law is joined with "one or more otherwise non-removable claims or causes of

2

action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." 28 U.S.C. § 1441(c). Here, Plaintiffs filed a complaint in Oakland County Circuit Court with eighteen separate claims, seventeen under state law, and one under federal law. The federal claim was made under 18 U.S.C. § 1962, the Racketeer Influenced and Corrupt Organizations Act ("RICO").

The defendant bears the burden of establishing that removal is proper. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2001). All doubts regarding the removal petition must be resolved against removal. *Queen ex rel. Province of Ont. v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989).

To remove a state action to federal court, a defendant must file a notice of removal in the district court, signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. 28 U.S.C. § 1446(a). The notice must be filed within 30 days of receiving the summons or complaint. 28 U.S.C. § 1446(b). The "rule of unanimity" requires that in order for notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in an action must either join in the removal, or file written consent to removal. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n.3 (6th Cir. 1999); *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201 (6th Cir. 2004). Here, Prudential filed a notice of removal on November 16, 2009, the last day on which it could meet the 30-day deadline. The notice filed on November 16, 2009 did not include consents from Defendants Richard J. Boyse or Richard J. Boyse CPA, P.C.

3

In *McKinney v Board of Trustees of Mayland Community College*, 955 F.2d 924 (4th Cir. 1992), the court held that where multiple defendants are served on different dates, each defendant has 30 days from the date of service to take part in a request for removal that has already been timely made by previously-served defendants. That rule does not affect the applicable deadline in this instance. Boyse and Boyse PC were served with the complaint on the same day as Prudential, October 16, 2009. (Exs. 4 and 5). The deadline for Boyse and Boyse PC to consent to removal was November 16, 2009. No consents from those two Defendants were received by Prudential or filed with the court on November 16.

Historically, courts have strictly construed the procedural requirements of § 1446. As the court in *Courtney v. Benedetto* explained:

> Courts have consistently construed 28 U.S.C. § 1446(a) to require that all defendants either join the petition for removal or to consent to such removal. Furthermore, defendants mandated by 1446(a) to either join the petition for removal or to consent to such removal must do so within thirty (30) days of notice or service of process. The exceptions to the general rule that all defendants join or consent to the petition for removal exist when: (1) the non-joining defendant has not been served with service of process at the time the removal petition is filed; (2) the non-joining defendant is merely a nominal or formal party; and, (3) the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c). A necessary corollary to 1446(a) which requires the petition for removal contain "a short and plain statement of the facts which entitle him or them to removal" is that the removal petition must set forth the reason why a defendant named in such action has not joined the petition for removal. A petition for removal filed by less than all defendants is considered defective if it does not contain an explanation for the non-joinder of those defendants.

627 F. Supp. 523, 525-26 (M.D. La. 1986) (citations and footnotes omitted).

Known as the "rule of unanimity," this mandate "does not require all of the defendants to sign the notice of removal; however, it does require that each defendant

4

officially and unambiguously consent to the notice of removal." *Parker v. Johnny Tart Enters, Inc.,* 104 F. Supp. 2d at 583-84 (citing *Mason v. Int'l Bus. Machs., Inc.*, 543 F. Supp. 444, 446 (M.D. N.C. 1982); and *Martin Oil Co. v. Philadelphia Life Ins. Co.*, 827 F. Supp. 1236, 1237 (N.D. W. Va. 1993)).

"This rule of unanimity demands that all defendants must join in a petition to remove a state case to federal court." *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003) (citing *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533- 34 n.3 (6th Cir. 1999), *cert. denied*, 528 U.S. 1076, 120 S. Ct. 790, 145 L. Ed. 2d 667 (2000)). All defendants in the action are required to "join in the removal petition or file their consent to removal in writing within thirty days of receipt of (1) a summons when the initial pleading demonstrates that the case is one that may be removed, or (2) other paper in the case from which it can be ascertained that a previously unremovable case has become removable." *Id.* (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999)). "Failure to obtain unanimous consent forecloses the opportunity for removal under Section 1446." *Id.*

The failure of all defendants to join in or otherwise consent to a notice of removal constitutes a defect other than lack of subject matter jurisdiction, which is waived unless it is raised in a motion to remand within thirty days after the filing of the notice of removal under section 1446(a). *Page v. City of Southfield*, 45 F.3d 128, 133 (6th Cir. 1995); *Perrin v. Walker*, 385 F. Supp. 945 (E.D. Ill. 1974); see also *Egle Nursing Home, Inc. v. Erie Ins. Group*, 981 F. Supp. 932, 935 (D. Md. 1997) ("the consent of all

defendants to removal is not a mere technicality, but an important part of the burden carried by the party seeking removal jurisdiction").

None of the exceptions to the rule of unanimity are applicable here. The non-joining Boyse Defendants were served with process on the same day that Prudential was served. The Boyse Defendants are not nominal or formal parties. Prudential's notice removed all of the claims filed in State court, including all the claims involving the Boyse Defendants. The notice of removal filed by Prudential does not give any explanation for the non-joinder of the Boyse Defendants. Instead it acknowledges that not all of the Defendants consented to the notice at the time of filing:

> Defendants Richard J. Boyse and Richard J. Boyse CPA, PC, by their attorney, Lee Knauf, will notify the parties if they consent to removal by Wednesday, November 18, 2009. Mr. Knauf was aware that the deadline for removal was Monday, November 16, 2009, but was unable to provide an answer at that time. If the Boyse defendants refuse consent, the undersigned will withdraw this motion.

Ex. 1, Notice of Removal, p. 7.

Because the Boyse Defendants did not join in the Notice of Removal filed November 16, the requirements of the removal statute have not been satisfied, and the petition for removal is fatally flawed. This Court should remand the case to Oakland County Circuit Court.

### B. A Notice of Removal May Not Be Amended After the 30-day Limit to Add the Consent of New Defendants

The later filing by Prudential of an amended notice of removal on November 20, 2009 (Ex. 2) did not cure the problems the original notice of removal (Ex. 1). The weight of authority suggests that the time limitation stated in 28 U.S.C. § 1446(b) is mandatory

6

and to be strictly applied. A defendant's failure to take affirmative action to seek removal until after the expiration of the 30-day time limit cannot be cured retroactively. *Perrin v. Walker*, 385 F. Supp. 945 (E.D. Ill. 1974). Removing parties may amend their notice of removal to include reasons justifying the exclusion of codefendants from the removal petition, but such amendments generally must be made within the 30-day time period for removal.

"Removing parties may amend their notice of removal to include reasons justifying the exclusion of co-defendants from the removal petition, but such amendments generally must be made within the thirty-day time period for removal." *Brodnar v. McKinney*, 378 F. Supp. 2d 634, 638 (M.D. N.C. 2005). *See Egle Nursing Home, Inc. v. Erie Ins. Group*, 981 F. Supp. 932, 935 (D. Md. 1997) ("The weight of authority holds that amendments of a notice of removal after the initial thirty-day period for removal has passed are permitted only to correct technicalities or to set out more specifically the grounds for removal already stated in the original notice.")

In *Beard v. Lehman Bros. Holdings, Inc.*, 458 F. Supp. 2d 1314 (M.D. Ala. 2006), the defendants filed a notice of removal that was defective because it contained "spurious" attorneys' signatures. The court ruled that the defect was substantial and that an amended notice of removal filed after the 30-day limitation in 28 U.S.C. § 1446(b) had expired did not cure the defect. The court ordered the case remanded. See also *Burr v. Toyota Motor Credit Co.*, 478 F. Supp. 2d 432 (S.D. N.Y. 2006), in which the court held that a written consent to removal by one of the defendants filed beyond the 30-day limitation did not cure the defect in the original notice of removal.

Here, the original notice of removal was admittedly defective, because it was filed on the last allowable day, and did not include the consent of two served Defendants. The amended notice of removal was filed beyond the 30-day limit. The amended notice for the first time included the consent of one of the two missing Defendants, Richard J. Boyse. Even if the signature of Mr. Boyse to the consent is considered proper as to the corporate Defendant, Richard J. Boyse CPA, PC, a point disputed below, nevertheless, the consent was filed too late. Supplying a missing consent after the deadline has expired is not a mere "technicality." A notice of removal may not be amended after the expiration of the deadline to supply a missing consent. Because the notice of removal is improper, this case should be remanded.

### C. An Individual May Not Sign a Consent to Removal on Behalf of a Corporation

The amended notice of removal, Ex. 2, has as an attachment a consent form for the execution of the remaining Defendants (Ex. 3). The consent form is drafted for the signature of an attorney on behalf of "Defendants Richard J. Boyse and Richard J. Boyse, CPA, PC." The filed consent, however is not signed by an attorney. It is signed by Richard J. Boyse, *pro se* (Ex. 3, last page). While this untimely consent may be effective as to Richard J. Boyse as an individual, it is not effective as to the corporation, Richard J. Boyse CPA, PC.

A corporate president may not represent his corporation in federal court as a matter of law. *Northland Ins. Co. v. Red Wing Transp., Inc.*, 2007 U.S. Dist. LEXIS 37777 (E.D. Mich. 2007)(citing *United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir. 1969)). Moreover, one defendant may not speak for another in filing a

notice of removal under 28 U.S.C.A. § 1446. *Green v. Target Stores, Inc.*, 305 F. Supp. 2d 448 (E.D. Pa. 2004).

Under 28 USCS § 1446(b), in cases involving multiple defendants, all defendants who have been served must join or assent in removal petition, and the failure of all of defendants to file their notice of removal or consent to removal within 30 days of being served is ground for remand. The overwhelming weight of authority requires that each defendant independently notify the court of its consent within the statutorily prescribed 30 days. *Swanston v. TAP Pharm. Prods. (In re Pharm. Indus. Average Wholesale Price Litig.)*, 307 F. Supp. 2d 190 (D. Mass. 2004).

For example, in *Spillers v. Tillman*, 959 F. Supp. 364 (S.D. Miss. 1997), remand of a medical malpractice case was ordered, even though an attorney for the defendant doctor filed a timely notice of removal which included the defendant hospital's name, and the hospital subsequently filed an answer and motion to dismiss in federal court, because the notice was not signed by the hospital or its attorney, and there was no independent or unambiguous notice of consent by the hospital within the 30-day period under 28 USCS § 1446(b).

In another analogous fact situation, the signing of a joint removal petition by counsel for one defendant on behalf of another defendant's counsel violated the "rule of unanimity" under 28 USCS § 1446, even though the non-signing counsel subsequently filed a notice and an affidavit attesting to his participation in the drafting of the joint notice, his authorization of other counsel to sign the notice on his behalf, his client's consent to removal, and his subsequent attempt to personally sign the notice. The court

9

held that these efforts were not timely and did not cure the procedural defect, because the petition did not sufficiently register the non-signing defendant's consent to removal. *Stonewall Jackson Mem. Hosp. v. American United Life Ins. Co.,* 963 F. Supp. 553 (N.D. W. Va. 1997).

In this case, the signing of the consent by Richard J. Boyse was not sufficient to act as the consent of the corporation Richard J. Boyse CPA, PC, even if the consent had been signed and filed on time.

### Conclusion and Prayer for Relief

Plaintiffs request that this Court remand Plaintiffs' complaint to Oakland County Circuit Court.

> By: /s/ William J. Lamping
> William J. Lamping (P-30785)
> wlamping@vmddlaw.com
>
> VESTEVICH, MALLENDER, DUBOIS
>   & DRITSAS, P.C.
> ATTORNEYS FOR PLAINTIFFS
> 6905 Telegraph Road, Suite 300
> Bloomfield Hills, Michigan 48301-3160
> Phone: (248) 642-1920
> Fax:  (248) 642-2095

Dated: December 3, 2009

10

CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2009, I electronically filed Plaintiffs' Motion to Remand, Brief in Support of Plaintiffs' Motion to Dismiss, and accompanying exhibits, with the Clerk of the Court using the ECF system which will send notification of such filing to Plaintiff's counsel of record.

By: /s/ William J. Lamping  
William J. Lamping (P-30785)  
wlamping@vmddlaw.com

VESTEVICH, MALLENDER, DUBOIS  
 & DRITSAS, P.C.  
ATTORNEY FOR PLAINTIFFS  
6905 Telegraph Road, Suite 300  
Bloomfield Hills, Michigan 48301-3160  
Phone: (248) 642-1920  
Fax:  (248) 642-2095